1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

HARVEY HERRING, III,                          CV F   05 0079 REC SMS P

                    Plaintiff,

        v.                                    ORDER DISMISSING COMPLAINT WITH
                                              LEAVE TO AMEND (Doc. 1.)

                                              ORDER DIRECTING CLERK OF COURT TO
CLARK, et. al.,                               SEND PLAINTIFF BLANK FORM
                                              COMPLAINT

                    Defendants.
_____/

        Harvey Herring, III ("Plaintiff") is a state prisoner proceeding pro se and in forma

pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action was filed on

January 19, 2005.  Plaintiff names Mike Clark, Sgt. Jack L. Hill, Darlene Rodriguez, Roger

Lowder, Correctional Officers Alejandro Ramirez, Kenneth J. Jiminez, Wheeler, Diaz, M.D.

McAlister, Sgt. Kevin Curtiss and MTA Flora Schumacher as Defendants and seeks monetary

damages.

**A.  SCREENING REQUIREMENT**

1    The Court is required to screen complaints brought by prisoners seeking relief against a

2    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

3    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

4    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

5    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

6    "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

7    dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

8    claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

9    A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

10   which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

11   support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

12   467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

13   Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

14   complaint under this standard, the court must accept as true the allegations of the complaint in

15   question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

16   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

17   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

18   **B. SUMMARY OF COMPLAINT**

19   Plaintiff alleges that on July 30, 2003, at 7:20 a.m. and during the a.m. meal at California

20   Substance Abuse Treatment Facility, Defendant attempted to give Plaintiff an "unequal amount

21   of food" for breakfast as to the rest of the general population.  Plaintiff then requested a different

22   tray when Defendant Clark responded "No, take the damn tray!"  Plaintiff's hand and wrist were

23   on the tray slot holding his balance as he was "squatting" on his toes when he requested a

24   different tray, a full sized one.  Defendant responded that Plaintiff would not get one and told

25   Plaintiff to move his arm.  Plaintiff refused and again asked for a full size portion.  Again

26   Defendant Clark told Plaintiff to move his arm from the slot and Plaintiff demanded a new tray.

27   Defendant then slammed the tray slot closed three to four times on Plaintiff's left hand which

28   began to bleed.  Plaintiff states that Defendant noticed the blood and walked away while Plaintiff

2

1   yelled for medical assistance.  Plaintiff states he received multiple cuts, abrasions, swelling and a

2   deep laceration to his left thumb.  Defendant continued to pass out trays.  Plaintiff continued to

3   yell for assistance when Officer Fane responded and notified Defendants Sgt. Hill and MTA

4   Rodriguez.

5            Someone suggested plaintiff be cuffed and escorted to the yard clinic for treatment.

6   Plaintiff however, informed them that he did not want to exit his cell due to the battery inflicted

7   on him by Defendant Clark.  Plaintiff was informed that if he wanted treatment, he would have to

8   proceed to the yard clinic.  Plaintiff was allowed to walk to the clinic without restraints and asked

9   what actions would be taken against Defendant Clark.   When Plaintiff arrived at the clinic, he

10  was told to "get in the cage."  Plaintiff asked why and was told "because I said so."  Plaintiff did

11  not proceed to the cage and again asked why he had to when he needed medical treatment.  At

12  this point, Defendant Rodriguez grabbed his right arm and yelled at him.  Plaintiff was then

13  sprayed in the face with o.c. pepper spray.  When Plaintiff raised his arm to shield his face, his

14  arm was twisted behind him and he was struck in the head.  Plaintiff then states that he was

15  struck in the head by Defendant Ramirez, fell to the ground and felt several blows about the body

16  and head.  Plaintiff then states that he felt a hard impact on his lower back which turned out to be

17  a 40mm firing weapon used by Correctional Officer Kenneth Jiminez.  Plaintiff then continued to

18  be assaulted by Defendants Hill, Lowder and Ramirez, as well as Defendants Wheeler and

19  Curtiss.  Defendant Wheeler also used a baton on Plaintiff's head which punctured his cranial

20  area.  Defendant Wheeler lifted Plaintiff from the ground and slammed him back down to the

21  floor where he continued to be assaulted by Defendants Hill, Lowder, Ramirez, Wheeler and

22  Curtiss.  Plaintiff was placed in mechanical restraints and "kneed" twice in his right ear by

23  Defendant Correctional Officer Diaz.  While in the holding cage, Defendant MTA Schumacher

24  asked Plaintiff what happened, took notes but provided no medical care for Plaintiff's injuries.

25           Plaintiff states that for the next two hours, he received no treatment and received no care

26  for the O.C. pepper spray.  Plaintiff states that the shackles were placed on him too tight and cut

27  off his circulation and scarred his skin.   Plaintiff was then "video escorted" to an administrative

28  segregation unit and the mechanical restraints were loosened to allow him to walk.  Plaintiff was

then stripped down to his underwear and placed in the cell where the temperature was below

normal.  Plaintiff finally received medical treatment around 2:30 p.m. and was given a wrap to

place around his thumb.  Plaintiff was x-rayed and blood was drawn but that was the extent of

the medical treatment.  All other injuries went untreated.

Plaintiff was decontaminated for pepper spray at about 4:30 p.m.

## C. CLAIMS FOR RELIEF

### 1. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between

the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

(1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

in another's affirmative acts or omits to perform an act which he is legally required to do that

causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th

Cir. 1978).  In order to state a claim for relief under section 1983, plaintiff must link each named

defendant with some affirmative act or omission that demonstrates a violation of plaintiff's

federal rights.

### 2. Eighth Amendment Medical Claim

A prisoner's claim of inadequate medical care does not constitute cruel and unusual

punishment unless the mistreatment rises to the level of "deliberate indifference to serious

medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The "deliberate indifference"

standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in

objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing

4

1  Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a

2  "sufficiently culpable state of mind," which entails more than mere negligence, but less than

3  conduct undertaken for the very purpose of causing harm.  Farmer v. Brennan, 511 U.S. at 837.

4  A prison official does not act in a deliberately indifferent manner unless the official "knows of

5  and disregards an excessive risk to inmate health or safety."  Id.

6       In applying this standard, the Ninth Circuit has held that before it can be said that a

7  prisoner's civil rights have been abridged, "the indifference to his medical needs must be

8  substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

9  cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing

10  Estelle, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or

11  treating a medical condition does not state a valid claim of medical mistreatment under the

12  Eighth Amendment.  Medical malpractice does not become a constitutional violation merely

13  because the victim is a prisoner."  Estelle v. Gamble, 429 U.S. at 106; see also Anderson v.

14  County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050

15  (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136

16  (9th Cir. 1997) (en banc).  Even gross negligence is insufficient to establish deliberate

17  indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.

18  1990).

19       Plaintiff alleges that Defendant Hill displayed "deliberate indifference to [his] medical

20  need with his continuous assault."  Complaint at 10.  However, Plaintiff's allegations against

21  Defendant Hill are insufficient to give rise to a cognizable Eighth Amendment claim for medical

22  care.  Similarly, Plaintiff's allegations of "deliberate indifference against Defendant Lowder do

23  not state an Eighth Amendment medical care claim.

24       Plaintiff alleges also that Defendant Schumacher, was deliberately indifferent because

25  although she logged in Plaintiff's version of the events, she did not give him medical care.

26  Plaintiff, however, does not allege sufficient facts to state a prima facie case against Defendant

27  Schumacher.

28       ***3.  Cruel and Unusual Punishment/Excessive Force***

5

1  "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

2  Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8

3  (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and

4  responsive to contemporary standards of decency." Id. (quotations and citations omitted).

5  "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-

6  confinement claim," and "deliberate indifference to medical needs" violates the Eighth

7  Amendment "only if those needs are 'serious.'" Id. at 9 (citation omitted).  With respect to these

8  types of claims, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay

9  for their offenses against society, only those deprivations denying the minimal civilized measure

10  of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation."

11  Id. at 9 (quotations and citations omitted).  With respect to excessive force claims, however, the

12  malicious and sadistic use of force to cause harm *always* violates contemporary standards of

13  decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v.

14  Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines

15  de minimis uses of force, not de minimis injuries)).

16  The Court has examined the allegations in the Complaint and finds that Plaintiff

17  sufficiently states a cognizable Eighth Amendment claim against Defendants Clark, Hill,

18  Rodriguez, Lowder, Ramirez, Jiminez, Wheeler, Curtiss, Diaz, and McAlister.

19  *4. Negligence*

20  A public employee is liable for injury to a prisoner "proximately caused by his negligent

21  or wrongful act or omission." Cal. Gov't Code § 844.6(d) (West 2001).  "To establish

22  negligence, a party must prove the following: (a) a *legal duty* to use due care; (b) a breach of

23  such legal duty; (c) the breach as the *proximate* or *legal cause* of the resulting injury." Hair v.

24  State, 2 Cal. Rptr. 2nd  871, 875 (Cal. Ct. App. 1991) (citations omitted).

25  In this case, Plaintiff fails to link any of the named Defendants to an act or omission

26  giving rise to a claim of negligence.  Further, Plaintiff's conclusory statement that the Defendants

27  were "negligent" is insufficient to state a cognizable claim for relief.

28  *5. Assault & Battery*

6

Under California law, "[a]n assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another" and "[a] battery is any willful and unlawful use of force or violence upon the person of another."  Cal. Penal Code § 240, 242 (West 1999); 5 B. E. Witkin, Summary of California Law, Torts § 346 (9th ed. 1988).

The allegations made in the Complaint sufficiently state a claim for relief for assault and battery under state law against all Defendants named except Defendant Schumacher.

**D.  CONCLUSION**

The Court finds Plaintiff's Complaint states a cognizable Eighth Amendment and Assault and Battery claim against Defendants Clark, Hill, Rodriguez, Lowder, Ramirez, Jiminez, Wheeler, Curtiss, Diaz, and McAlister.  The Complaint, however, does not contain any other cognizable claims for relief.  As such, the Court will grant Plaintiff the opportunity to file an Amended Complaint to cure the deficiencies, or, in the alternative, notify the Court in writing whether Plaintiff intends to proceed directly with those claims found to be cognizable.  Plaintiff should note that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to prior pleadings.

In the event Plaintiff wishes to proceed on the cognizable claims, the Court will issue Findings and Recommendations to dismiss those claims not cognizable.  The Court will then forward Plaintiff a summons and USM-285 form to fill out and return to the Court in order to effect service on the Defendants.  Upon the return of these forms, the Court will direct the US Marshal to initiate service of process on Defendants.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights
         complaint form;

2.      The Complaint is DISMISSED with leave to amend.  Within THIRTY (30) days
         from the date of service of this order, Plaintiff SHALL either:

         a.      File an Amended Complaint curing the deficiencies identified by the Court
                 in this Order, or

         b.      Notify the Court in writing that he does not wish to file an Amended

7

1    Complaint and instead wishes to proceed on the cognizable claims for

2    relief set forth in this Order.

3    Plaintiff is forewarned that his failure to comply with this Order may result in a

4  Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

5

6  IT IS SO ORDERED.

7  **Dated:    May 23, 2006**                _____/s/ **Sandra M. Snyder**_____
   icido3                                   UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28