# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY HERRING III, | 1:05-cv-00079-LJO-SMS-PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR PLAINTIFF'S FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE |
| v. | |
| MIKE CLARK, et al., | ORDER FOR CLERK TO CLOSE CASE |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. On January 21, 2010, the court issued an order requiring plaintiff to file an opposition or statement of non-opposition to defendants' motion for summary judgment, within twenty-one days. (Doc. 110.) More than forty days have passed, and plaintiff has not filed an opposition or statement of non-opposition, or otherwise responded to the court's order.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the motion for summary judgment has been pending for more than six months, and the action has

1

been pending for more than five years. Plaintiff's failure to oppose defendants' motion for summary judgment may reflect Plaintiff's lack of interest in prosecuting his case. In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not defend his case against summary judgment. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is plaintiff's failure to prosecute his own case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and given the stage of these proceedings, the preclusion of evidence or witnesses is not available. The dismissal being considered in this case is with prejudice, which is the harshest possible sanction. However, the court finds this sanction appropriate in light of the fact that six months have passed since defendants filed the motion for summary judgment, and plaintiff has yet to respond. Moreover, plaintiff was forewarned in the court's order of January 21, 2010 that this action would be dismissed with prejudice if he failed to defend against the motion for summary judgment.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that this action be dismissed, with prejudice, based on plaintiff's failure to obey the court's order of January 21, 2010, and his failure to prosecute this action.

IT IS SO ORDERED.

**Dated:     March 4, 2010**           /s/ Lawrence J. O'Neill
                                                        UNITED STATES DISTRICT JUDGE