# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY HERRING, III, | 1:05-cv-00079-LJO-SMS PC |
| Plaintiff, | |
| v. | PROTECTIVE ORDER |
| | (Doc. 87) |
| MIKE CLARK, et al., | |
| Defendants, | |
| _____ / | |

Based on protective order requested by non-party California Department of Corrections and Rehabilitation ("CDCR") in the Motion to Quash Subpoena Duces Tecum (Doc. 87), the Court hereby ORDERS as follows.

1. This Order (the "Protective Order") shall govern the designation and handling, by any person, of the information contained in the confidential documents ("Confidential Information") produced to Plaintiff, Harvey Herring, III, ("Plaintiff") pursuant to the "Subpoena in a Civil Case," issued October 14, 2008, as modified by the Court's order issued concurrently herewith, on non-party CDCR's motion to quash (Doc. 87) and Defendants' objections (Doc. 88).

2. The word "document" as used herein shall be construed to mean any document, tangible thing, or writing as defined by Federal Rule of Civil Procedure 34(a) and Federal Rule of Evidence 1001(1).

3. The word "person" as used herein shall include any individual, entity, natural person, or any business, legal, or governmental entity or association. "Producing Person" refers to any

1

person who produces Confidential Information. "Receiving Person" refers to any person who receives Confidential Information subject to this Protective Order.

    4. Confidential Information shall be subject to the following restrictions:

        (a) Confidential Information shall be used solely for the purpose of preparing for, and conducting, the prosecution or defense of this action, including any appeals, and shall not be used by the parties or any other person for any other purpose;

        (b) Confidential Information shall not be given, shown, made available or communicated in any way to anyone except those persons specified in subparagraph (c) below to whom it is necessary that such Confidential Information be given or shown for the purposes permitted under subparagraph (a) above; and

        (c) Confidential Information may be disclosed, for the purposes set forth in subparagraph (a) above only to a "Qualified Person" defined as:

            i. counsel of record for the parties, and attorneys, paralegal, clerical and other staff employed by such counsel who are assisting in the conduct of this action;

            ii. parties to this action;

            iii. witnesses at any deposition, or hearing in this action;

            iv. such consultants, experts, and investigators (including their professional staff) retained by the parties, or their respective counsel, as they in good faith deem necessary to provide assistance in connection with the conduct of this action;

            v. the Court, court personnel, jurors, potential jurors, and/or alternate jurors;

            vi. court reporters and videographers used in connection with the conduct of this action;

            vii. outside photocopying, graphic production services, litigation support services, and document hosting vendors retained by the parties, or their

respective counsel, as they in good faith deem necessary to provide assistance in connection with the conduct of this action;

viii.  persons who are or were authors or recipients of the Confidential Information; and

ix.  any person carrying on an insurance business that may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy a judgment.

5. Each person described in subparagraph 8(c) to whom Confidential Information is disclosed shall first be advised that such Confidential Information is being disclosed pursuant and subject to the terms of this Protective Order and that Confidential Information may not be disclosed other than pursuant to the terms hereof.

6. If any Receiving Person inadvertently discloses Confidential Information to persons who are not Qualified Persons, such disclosure shall be reported in writing to the Producing Person who produced such inadvertently disclosed Confidential Information.  In that event, counsel for the Receiving Person shall make all reasonable efforts to retrieve the Confidential Information and obtain the agreement of persons to whom inadvertent disclosure was made to treat the Confidential Information in accordance with the terms of this Protective Order. Plaintiff, being a pro se inmate, shall assure that no Confidential Information shall be distributed, or conveyed by any means to any other inmate(s).  If any confidential Information is distributed and/or conveyed to any other inmate(s), Plaintiff will be subject to sanctions as further discussed is paragraph 13 herein below.

7. In the event that any person discloses Confidential Information in any pleading, court filing, attachment or exhibit thereto, or other papers filed with the Court pre-trial, the disclosing person shall conditionally file the confidential information under seal with the Clerk of this Court pursuant to Local Rule 141; provided, however, that the paper shall be furnished to the Court and the attorneys for the parties and a duplicate copy with the confidential information deleted will be placed in the public record insofar as possible.  This Protective Order shall constitute prior approval by the Court of all such filings made under seal.  The parties understand that any

submission of documents under seal should seek to file only those portions of the documents that contain Confidential Information and should be made to the judicial officer presiding over the proceedings in question.

8.  The approval of this Protective Order shall not prejudice the right of a party, at any time, to seek a determination by the Court of whether any particular document or information should be subject to the terms of this Protective Order.

9.  Absent consent from a Producing Person, no Confidential Information produced by such Producing Person may be used in connection with any other litigation, matter, or proceeding except for <u>Harvey Herring, III v. Mike Clark, et. al.</u>, United State District Court, Eastern District of California, Case No.1:05-cv-00079-LJO-SMS.

10.  This Protective Order shall be without prejudice to the rights of a Producing Person to seek further limits on disclosure or protections for the confidentiality and/or privilege of any discovery material (whether or not Confidential Information) in addition to the limits and protection provided herein, to contest such application.

11.  Other parties to this Action, including any additional parties that join or are joined in this Action, may have access to Confidential Information only by additional order of the Court, or by the party's executing and filing with the Court a statement agreeing to be fully bound by this Protective Order.

12.  Within thirty (30) days after the final termination of this Action, whether through settlement, trial, appeal, collateral review, or other final dispositions, all Confidential Information, and any copies thereof, shall be returned to Defendants' counsel.

13.  Any violation of this Protective Order may be punishable as Contempt of Court. Additionally, if Plaintiff violates this Protective Order, sanctions may be imposed including, but not limited to, monetary sanctions and/or dismissal of the action.

14.  Nothing in this Protective Order is intended to prevent officials or employees of CDCR from access to and use of materials to in the normal course of their official duties.

15.  In addition to the restrictions outlined above, no materials containing the name, address, or other identifying information (such as identification portrait photographs, dates of

birth, Social Security Numbers, and the like) about any person, including without limitation any CDCR employee, shall be shown to or provided to Plaintiff or any other inmate, without further order of the Court.

IT IS SO ORDERED.

**Dated:   June 8, 2011**                             /s/ Sandra M. Snyder
                                                              UNITED STATES MAGISTRATE JUDGE